UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-778 (DSD/JMM)

FleetBoston Robertson Stephens, Inc. (formerly BancBoston Robertson Stephens), a Massachusetts corporation,

Plaintiff,

v.

**ORDER**

Innovex, Inc., a Minnesota corporation, and AdFlex Solutions, Inc., a Delaware corporation,

Defendants.

This matter is before the court on defendants' objections to the May 16, 2001, order of Magistrate Judge John M. Mason. In that order, the magistrate judge denied defendants' motion to stay litigation during the pendency of their appeal to the Eighth Circuit, in which defendants challenge this court's October 31, 2000, denial of their motion to compel arbitration in this case.

A party seeking to stay litigation pending appeal must show: (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest. Fargo Women's Health Org. v. Shafer, 18 F.3d 526, 538 (8th Cir. 1994). Defendants previously moved to stay this case pending their appeal,

FILED 6-27-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

at which time the magistrate concluded that the balance of harms tipped decidedly against defendants and their request for a stay. In particular, the magistrate judge concluded, and this court agreed, that defendants would likely not prevail on their appeal and would not be irreparably harmed if they were compelled to proceed under the scheduling order entered in this case and participate in discovery. (Fleming Aff., Exh. A at 11-12.)

Discovery has now concluded and the deadline for dispositive motions approaches on July 1, 2001. In accordance with that deadline, the parties have fully briefed plaintiff's motion for summary judgment and the matter is scheduled to be heard by this court on July 6, 2001. However, the parties have also recently completed oral argument before the Eighth Circuit on the issue of whether this court properly denied defendants' motion to compel arbitration. Defendants contend that because a decision from the Eighth Circuit is forthcoming, a limited stay of litigation is warranted.

The court agrees with defendants that this new procedural posture compels a stay of litigation pending a ruling from the Eighth Circuit. Although the court maintains its belief that defendants are not likely to succeed on the merits of their appeal, this is but one factor that the court must balance in evaluating a motion to stay pending appeal. Fargo, 18 F.3d at 538. With a ruling forthcoming on the question of whether the district court is

the proper forum for litigating this dispute, it would serve neither the parties' interests nor the public interest to require argument on a summary judgment motion at this time. The court is well aware of the risk that should the Eighth Circuit decide after this court issues its summary judgment ruling that the district court is not the proper forum for resolving this dispute, the parties will seek to influence the arbitration process by citing to this court's decision on the merits of the case. Counsel for plaintiffs conceded as much before the magistrate judge, where she asserted that

> the time to bring this motion [to stay litigation]... would be after oral argument, or at oral argument on summary judgment...I just don't really see why the motion is being brought now when briefing hasn't even begun. It seems like there's no risk at this point in time today that there might be a ruling in this case prior to the Eighth Circuit ruling.

(Fleming Aff., Exh. D at 31-32.)

In short, the court believes that a delay of two to three months will not cause irreparable harm to either party and will conserve judicial resources. Accordingly, based on careful consideration of the Fargo four-factor test, **IT IS HEREBY ORDERED** that defendants' motion to stay proceedings during the pendency of their appeal [Doc. No. 50] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. No. 59] and defendants' motion for an order

prohibiting use of evidence [Doc. No. 67] set for oral argument on Friday, July 6, 1001, are hereby removed from the court's calendar.

Dated: June 25, 2001

David S. Doty, Judge
United States District Court